UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID L. ROBY,

    Plaintiff,

v.                                   CIVIL ACTION NO. 5:21-cv-00505

MARTIN J. WALSH,
*Secretary, Department of Labor*
*(Mine Safety & Health Administration)*,
TERRY G. MONTGOMERY,
*Chief, National Air and Dust Lab*,
GEORGE GARDNER,
*Chief, Pittsburgh Safety and Health*
*Technology Center*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment. [Doc. 23]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on March 22, 2022, recommending that the Court (1) grant Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, (2) dismiss Plaintiff's Complaint, and (3) remove this matter from the Court's docket. [Doc. 34]. Mr. Roby filed objections to the PF&R on April 5, 2022. [Doc. 35].

### I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

## II.

Mr. Roby objects to Magistrate Judge Aboulhosn's finding that he failed to show the denial of his request for reasonable accommodation was determined solely on the basis of his disability. He fails to identify any error within the PF&R, instead objecting generally to the Magistrate Judge's findings by reiterating the allegations in his Complaint. [Doc. 35].

To establish a *prima facie* determination of a failure to accommodate under the Rehabilitation Act, a plaintiff must show that "(i) she qualifies as an 'individual with a disability' as defined in 29 U.S.C. § 705(2); (2) the [Defendant] had notice of her disability; (3) she could perform the essential functions of her job with a reasonable accommodation; and (4) the [Defendant] refused to make any reasonable accommodation." *See Reyazuddin v. Montgomery Cty., Maryland*, 789 F.3d 407, 414 (4th Cir. 2015). Preceding proof of the four elements, however, a plaintiff must first establish a *prima facie* case of discrimination or retaliation. *See McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. *Id.* If the employer provides evidence of a nondiscriminatory reason for the action, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's articulated reason is mere pretext, and that the true reason is either discriminatory or retaliatory. *Id.* at 804.

It is undisputed that Mr. Roby has a recognized disability through the Veterans Administration; he thus qualifies as an "individual with a disability" under 29 U.S.C. § 705(2). Magistrate Judge Aboulhosn is correct, however, that Mr. Roby failed to establish a *prima facie* case of discrimination or retaliation. Mr. Roby has presented no evidence that the Defendants' denial of his reasonable accommodation request was based on his disability. Accordingly, the Court **OVERRULES** Mr. Roby's objection.

### III.

For the foregoing reasons, the Court **OVERRULES** the Objection [Doc. 35], **ADOPTS** the PF&R [Doc. 34], **GRANTS** Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. 23], and **DISMISSES** Plaintiff's Complaint [Doc. 1].

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: July 19, 2022



Frank W. Volk
United States District Judge